IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ZIEDMAN TECHNOLOGIES II, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IBM CORPORATION.,<br><br>　　　　Defendant | Civil Action No. 2:25-cv-01002<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ziedman Technologies II, LLC ("ZTII" or "Plaintiff"), files this Original Complaint for Patent Infringement and demand for jury trial seeking relief from patent infringement by IBM Corporation ("IBM") for infringement of the claims of U.S. Patent Nos. 6,934,947 ("the '947 patent"); U.S. Patent No. 7,882,488 ("the '488 patent"); and, U.S. Patent No. 7,900,187 ("the '187 patent") (collectively, the "Patents-in-Suit"), and would respectfully show the Court as follows:

**I.　　PARTIES**

1. Plaintiff is a Texas Limited Liability Company, with its principal place of business located in Texas.

2. On information and belief, IBM Corporation ("IBM" or "Defendant") is a corporation organized under the laws of the State of Delaware with a regular and established place of business located at 5340 Legacy Dr., Plano, Texas 75024. IBM may be served with process at its place of business, at its registered agent, Global Corporation Services, Inc., 5305 Limestone Road, Suite 200, Wilmington, Delaware 19808, or anywhere else it may be found.

1

3. On information and belief, IBM directly and/or indirectly exports, uses, develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Eastern District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## II. JURISDICTION

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the Eastern District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the district giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

6. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7. Defendant has committed acts of infringing the Patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the Patents-in-suit, including without limitation products made by practicing the claimed methods of the Patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other

persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

8. Personal jurisdiction exists over IBM because IBM has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Eastern District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Eastern District of Texas. For example, IBM is subject to personal jurisdiction in this Court because, *inter alia*, IBM directly and through agents regularly does, solicits, and transacts business in the Eastern District of Texas, and maintains a place of business at 5340 Legacy Dr., Plano, TX 75024. Accordingly, this Court's jurisdiction over the IBM comports with the constitutional standards of fair play and substantial justice and arises directly from the IBM's purposeful minimum contacts with the State of Texas.

9. This Court also has personal jurisdiction over IBM, because in addition to IBM's own online website and advertising with this District, such as https://www.ibm.com/products/engineering-rhapsody, IBM has also made its products available within this judicial district and advertised to residents within this District.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.

### III. THE PATENTS-IN-SUIT

12. On August 23, 2005, United States Patent No. 6,934,947 ("the '947 patent"), entitled "Visual Tool for Developing Real Time Task Management Code" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '947 patent is attached hereto as **Exhibit A**. ZTII owns the '947 by assignment. The '947 patent generally relates to A tool for developing Software code for real time System allows the user to Structure Scheduling of multi-tasking operations into a polling loop without the complexity of a hand-crafted polling loop, while preventing deadlocks between the real time tasks.

13. On February 1, 2011, United States Patent No. 7,882,488 ("the '488 patent"), entitled "Software Tool for Synthesizing a Real-Time Operating System" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '488 patent is attached hereto as **Exhibit C**. ZTII owns the '488 by assignment. The '488 patent generally relates to a tool for developing software source code for embedded systems that allows the user to automatically generate a real time operating system for scheduling of multi-tasking operations while preventing deadlocks between the real-time tasks.

14. On March 1, 2011, United States Patent No. 7,900,187 ("the '187 patent"), entitled "Using Readily Available Driver and Application Source Code with a Synthesized Operating System" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '187 patent is attached hereto as **Exhibit E**. ZTII owns the '187 by assignment. The '17 patent generally relates to software that modifies the source code for readily available Software tasks—typically applications and hardware drivers—so that a small, fast, reliable operating system can be synthesized to control execution of these readily available Software tasks.

15. The '947 patent, the '488 patent and the '187 patent are referred to herein as the "Patents-in-Suit."

16. ZTII is the owner of the entire right, title, and interest in and to the Patents-in-Suit. The Patents-in-Suit are presumed valid under 35 U.S.C. § 282.

## IV. ACCUSED INSTRUMENTALITIES

17. The term "Accused Instrumentalities," "Accused Products" and "Accused Methods" refers to, by way of example and without limitation, IBM's software programs as provided at https://www.ibm.com/products/engineering-rhapsody and related methods of use, as more fully shown in Exhibits B, D, and F.

## V. COUNT I - PATENT INFRINGEMENT OF THE '947 PATENT

18. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

19. Defendant directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing mounting devices that infringes one or more of claims of the '947 patent, including one or more of claims 1-9, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '947 Patent into service (i.e., used them); but for Defendant's actions, the claimed embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

20. Support for the allegations of infringement may be found in the preliminary exemplary claim charts attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

21. On information and belief, Defendant made no attempt to design around the claims of the '947 patent.

22. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '947 patent were invalid.

23. On information and belief, Defendant' Accused Products and Accused Methods are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

24. ZTII has been damaged as the result of Defendant' infringement.

## VI. COUNT II - PATENT INFRINGEMENT OF THE '488 PATENT

25. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

26. Defendant directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing mounting devices that infringes one or more of claims of the '488 patent, including one or more of claims 1-24, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '488 Patent into service (i.e., used them); but for Defendant's actions, the claimed embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

27. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibits D. These allegations of infringement are preliminary and are therefore subject to change.

28. On information and belief, Defendant made no attempt to design around the claims of the '488 patent.

29. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '488 patent were invalid.

30. On information and belief, Defendants' Accused Products and Accused Methods are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

31. ZTII has been damaged as the result of Defendant's infringement.

## VII.     COUNT III - PATENT INFRINGEMENT OF THE '187 PATENT

32. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

33. Defendant directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing mounting devices that infringes one or more of claims of the '187 patent, including one or more of claims 1-6, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '187 Patent into service (i.e., used them); but for Defendant's actions, the claimed embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

34. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibits F. These allegations of infringement are preliminary and are therefore subject to change.

35. On information and belief, Defendant made no attempt to design around the claims of the '187 patent.

36. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '187 patent were invalid.

37. On information and belief, Defendants' Accused Products and Accused Methods are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

38. ZTII has been damaged as the result of Defendant's infringement.

### VIII. CONDITIONS PRECEDENT

39. Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessor-in-interest has never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

40. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent

necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

41. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute.  Defendant has failed to identify any alleged patented article for which Section 287(a) would apply.  Further, Defendant has failed to allege any defendant entity produce a patented article.

42. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking.  All settlement licenses were to end litigation and thus the policies of §287 are not violated.  Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

43. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

44. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

## IX. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff ZTII respectfully requests the following relief:

a. enter judgment that Defendant have infringed the claims of the Patents-in-Suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant' infringement of the Patents-in-suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. provided discovery reveals that Defendant knew (1) knew of the Patents-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

By:*/s/ William P. Ramey, III*

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Ziedman Technologies II, LLC***